IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT A. TUCKER,                              :

                Plaintiff,           :     Case No. 2:00-ms-10

      v.                                       :
                                 Magistrate Judge Abel

MAPLE VALLEY FARM, INC.,                       :
VIRGIL HALL,
                              :

                Defendant.

## **ORDER**

      This matter is before the Magistrate Judge on defendant Virgil Hall's October 3, 2005 motion to correct/strike the writ of execution (doc. 2).  Hall filed this motion according to Rule 60(a) of the Federal Rules of Civil Procedure alleging that a Writ of Execution filed in this Court over-stated the damages awarded to plaintiff.  Hall seeks to correct the Writ to have it accurately reflect the amount actually awarded to plaintiff or have it stricken from the record.

**I.  Background.**

      This case was filed in this Court to collect on a judgment awarded in a New Jersey district court.  The underlying dispute in this case was arbitrated in New Jersey in 1999.  It was brought by plaintiff Robert A. Tucker against defendants Maple Valley Farm, Inc. and Virgil Hall.  An award was rendered in favor of Tucker.  He was given the remedy of rescission as well as a total of $102,605.53 in money damages.  The damages award consisted of (1) $57,500 which was the purchase price of the horse

1

that was the subject of the dispute; (2) $36,271.33 for expenses incurred for the care of

the horse; and (3) $8,834.20 for expenses incurred for the care of the horse's foal.  The

arbitration award stated that the amount of the award would be reduced by the price

obtained for the sale of the horse's foal at auction.

On December 29, 1999, the United States District Court for the District of New

Jersey entered a civil judgment against Hall after Hall did not move to vacate the

arbitration award.  Hall maintains that the amount of the judgment entered by the New

Jersey district court was $45,105.53.  The judgment also had special instructions

–including a statement that the damages award was to be reduced by the sale of the

foal at auction.[1]

On February 18, 2000, Sterns & Weinroth, plaintiff's counsel, registered the New

Jersey judgment in this Court.  A Writ of Execution[2] was issued for $85,323.53, which

---

[1]  The case was filed in the United States District Court for the District of New Jersey, Case Number 98-5036.

[2]  Rule 69 of the Federal Rules of Civil Procedure states

> Process to enforce a judgment for the payment of money shall be a
> writ of execution, unless the court directs otherwise.  The procedure on
> execution, in proceedings supplementary to and in aid of a judgment,
> and in proceedings on and in aid of execution shall be in accordance
> with the practice and procedure of the state in which the district court is
> held, existing at the time the remedy is sought, except that any statute
> of the United States governs to the extent that it is applicable.  In aid of
> the judgment or execution, the judgment creditor or a successor in
> interest when that interest appears of record, may obtain discovery
> from any person, including the judgment debtor, in the manner
> provided in these rules or in the manner provided by the practice of the
> state in which the district court is held.

Fed. R. Civ. P. 69(a).

plaintiff's counsel asserts reflected the reduction of $8,500 for the sale of the foal at auction, credit given by plaintiff to defendants, and post-judgment interest.[3]  The Writ was written by Tucker's attorney and signed by this Court's Deputy Clerk.  In November 2000, a Release and Satisfaction of Judgment was entered in the Court of Common Pleas for Jackson County, Ohio.[4]

Hall argues that Tucker falsely stated the amount of the judgment as $102,605.53.  He also states that the Deputy Clerk failed to confirm the judgment award with the New Jersey court.  Because the Writ did not accurately reflect the proper judgment award, this Court should either strike the Writ from the case file or this Court should correct the amount stated in the Writ.

Tucker maintains that the Writ of Execution stated that $85,323.53 was owed on the judgment, and that at the time of the Writ's issuance, this was the remaining unpaid amount of the award.  He further states that the judgment was satisfied five years ago and the Writ did not and does not contain any clerical errors.

## II.  Discussion.

Rule 60 states

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.  During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

---

[3]  Christopher E. Torkelson's Oct. 18, 2005 Aff., ¶ 6.

[4]  Christopher E. Torkelson's Oct. 18, 2005 Aff., ¶ 8.

Fed. R. Civ. P. 60(a).  "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission."  *In re Walter*, 282 F.3d 424, 440 (6th Cir. 2002).  However, the rule does not "authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment."  *Id.* (punctuation omitted) (citation omitted).

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (emphasis omitted).

In *Pogor v. Makita U.S.A. Inc.*, 135 F.3d 384 (6th Cir. 1998), Rule 60(a) was used to correct a judgment order when the district court had not included the specific amount of prejudgment interest owed.  In *Whitaker v. Associated Credit Serv. Inc.*, 946 F.2d 1222 (6th Cir. 1991), a settlement of $500 had been reached.  However, in the offer extended to the plaintiff there was a typographical error which stated the offer as $500,000.  The acceptance, which included the $500,000 offer, was filed with the court, and a judgment entry of $500,000 was made by the clerk of court.  The court held that correcting the typographical error was appropriate under 60(a) or 60(b)(1).

Based on these cases, the Sixth Circuit stated that

> the court is entitled to modify its order under Rule 60(a) if: (1) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the April 1998 order such that it reflects what was the intent of the bankruptcy court at the time of the hearing.

*In re Walter*, 282 F.3d at 441; *see also Lee Way Holding Company v. A Beam's*

4

*Security,* 113 B.R. 406, 407 (S.D. Ohio 1990) (stating that "[t]he errors envisioned to be covered under Rule 60(a) include oversights and omissions as well as unintended acts or failures to act which result in a record that does not properly reflect the intentions of the court."). In *Walter*, the court held that it was proper for the court to use rule 60(a) to strike two references to the judgment debtor's ex-husband which had inadvertently remained in the judgment order drafted by counsel. *In re Walter*, 282 F.3d at 441.

In *Lee Way Holding*, the court entered default judgment against the defendant. The plaintiff asked the court to correct a clerical mistake. The plaintiff did not include the full amount of damages he was seeking in an exhibit attached to the motion for default judgment. The court stated that its tasks was determining whether the exhibit attached to the plaintiff's motion for default judgment accurately reflected the "original intention" of the plaintiff, and the amount of money plaintiff was actually seeking. "In exercising this power to correct clerical mistakes, this Court confines itself to correction of mistakes that may legitimately be said to be clerical and where there is a clear showing of mistake." *Id.* at 408. Further, Rule 60(a)'s reference to clerical mistakes is not confined to mistakes made by the clerk of courts but may extend to mistakes made by the parties. *Id.* (citing *Pattiz v. Schwartz*, 386 F.2d 300 (8th Cir. 1968)). The court held that the plaintiff's failure to include the full amount sought for default judgment was a clerical mistake made by the plaintiff that could be corrected through Rule 60(a). Therefore, in this case, the issue is whether the Writ of Execution accurately stated the intentions of the parties and this Court. *See Id.*

On February 18, 2000, Tucker filed the New Jersey court's judgment in this court by filing a Certification of Judgment for Registration in Another District. Included with

5

the Registration is the New Jersey court's civil judgment entry which states that the

arbitration award has become the final judgment of the New Jersey district court.  The

arbitration award is also attached; it states

> 1.    Plaintiff is entitled to equitable remedy of rescission.  Plaintiff is to return
> the horse known as "Tambourine" to the defendant.  Defendant is to return
> payments totaling $57,500.00 on account of purchase price to the plaintiff.
>
> 2.    Plaintiff is entitled to further damages as follows:
>
>    A.   $36,271.33–Expenses incurred in connection with care [of]
>    Tambourine.
>
>    B.   $8,834.20–Expenses incurred in connection with care of the foal.
>
> 3.    This amount should be reduced by the price obtained for the foal at the
> Harrisburg auction.  If the price exceeds $45,105.53, the excess amount is
> to be returned to the defendant less costs incurred by the plaintiff in
> connection with the sale.

The Writ of Execution states that on December 29, 1999, judgment was entered

in favor of Tucker in the amount of $102,605.53.  It further states that "the sum of

$85,323.53 is now actually due thereon[.]"  The Civil Judgment signed by District Judge

Garrett E. Brown, Jr. merely states: "IT IS HEREBY ORDERED that in accordance with

the Arbitration Award [filed November 12, 1999] and Local Civil Rule 201.1(f),

judgement is entered."  The arbitration award is attached to the Civil Judgement.  No

judgment amount is recited in the Civil Judgment.  However, the docket sheet from the

New Jersey district court states that judgment was entered against Hall for $45,105.53

with special instructions.  See the Dec. 29, 1999 entry designated as document 21.

The Civil Judgment clearly awarded plaintiff everything contained in the

arbitration award.  The Clerk of Court's judgment entry reflects only item 2 of the

arbitration award.  Item 1 is apparently regarded as the special instructions.  The damages in Item 1 flow from the ruling on rescission.  Accordingly, Tucker became entitled to all the payments he had made to Hall pursuant to the contract: $57,500.   It appears that the Clerk of Court did not classify the return of the payments Tucker made for Tambourine as part of the "award."

Item 2 are consequential damages that Tucker incurred because of the breach of the bargain.  These are also the damages that the arbitrator considered the "award."  However, it was the arbitrator's intent to have Tucker collect $102,605.53 from Hall for the breach of the agreement.  The Certification of Judgment filed in this Court references the New Jersey court's judgment, and it has a copy of the arbitration award and the New Jersey court's judgment attached to it.  The New Jersey court's judgment specifically references the adoption of the arbitration award as the judgment of the New Jersey court.

The Writ of Execution issued by this Court states that a judgment entry was filed against defendant for $102,605.53 in damages, which, as already discussed, is the total of items 1 and 2 in the arbitration award.  Again, this was the amount that the arbitrator awarded and the District Judge included in his Civil Judgment.  The Clerk of Courts for the Southern District of Ohio made no clerical error in stating the New Jersey judgment was in the amount of $102,605.53.  It is true that the judgment also provided that Tucker was to return Tambourine to defendant and that the $45,105.53 award for expenses incurred caring for Tambourine and the foal were to be reduced by any monies realized from the sale of the foal.  There are disputes about whether Tucker returned Tambourine to defendant and whether plaintiff accurately represented that $85,323.53

7

was due and owing on the judgment.  But these disputes are not about "clerical errors." The disputes –which are being adjudicated in a separate lawsuit–are not gounds for Rule 60(a) relief.

**III.  Conclusion.**

I **RECOMMEND** that Defendant Virgil Hall's October 3, 2005 motion to correct/strike the writ of execution (doc. 2) be **DENIED**.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  *See* 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *See also Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

/s/ Mark R. Abel
United States Magistrate Judge