

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. TUCKER, | : | |
| Plaintiff, | : | Case No. 2:00-mc-10 |
| v. | : | Judge Frost |
| MAPLE VALLEY FARM, INC., VIRGIL HALL, | : | Magistrate Judge Abel |
| Defendant. | : | |

## ORDER

This matter is before the Court on defendant Virgil Hall's January 18, 2006 objections to the Magistrate Judge's January 13, 2006 Report and Recommendation (doc. 6). On October 3, 2005, pursuant to Rule 60(a), Fed. R. Civ. P., Hall filed a motion to correct/strike the writ of execution filed by plaintiff in this case. Hall argues that the writ of execution over-states the amount of damages awarded to plaintiff Robert A. Tucker. The Magistrate Judge recommended denying Hall's motion to correct/strike. He reasoned that the writ of execution accurately reflected the arbitration award awarded to plaintiff in the underlying action. Further, the writ of execution accurately reflected the amount currently owing to plaintiff at the time of its execution.

**I. Background.**

Hall did not object to the facts recited by the Magistrate Judge, and they shall be re-stated here. This case was filed in this Court to collect on a judgment awarded in a New Jersey district court. The underlying dispute in this case was arbitrated in New

1

Jersey in 1999. It was brought by plaintiff Robert A. Tucker against defendants Maple Valley Farm, Inc. and Virgil Hall. An award was rendered in favor of Tucker. The award included the remedy of rescission as well as a total of $102,605.53 in money damages. The award consisted of (1) $57,500, which was the purchase price of the horse that was the subject of the dispute; (2) $36,271.33 for expenses incurred for the care of the horse; and (3) $8,834.20 for expenses incurred for the care of the horse's foal. The arbitration award stated that the amount awarded for expenses would be reduced by the price obtained for the sale of the horse's foal at auction.

On December 29, 1999, the United States District Court for the District of New Jersey entered a civil judgment against Hall after Hall did not move to vacate the arbitration award. Hall maintains that the amount of the judgment entered by the New Jersey district court was $45,105.53. The judgment also had special instructions --including a statement that the damages award was to be reduced by the sale of the foal at auction.[1] Further, attached to the judgment was a copy of the arbitration award.

On February 18, 2000, Sterns & Weinroth, plaintiff's counsel, registered the New Jersey judgment in this Court. A writ of execution[2] was issued for $85,323.53, which

---

[1] The case was filed in the United States District Court for the District of New Jersey, Case Number 98-5036. The arbitration panel determined that if the sale of the foal was less than the cost of the expenses incurred for caring for the foal and her mother, then Tucker would be able to collect the difference. In other words, the $45,103.53 portion of the award for expenses was to be reduced by the amount paid for the sale of the foal.

[2] Rule 69 of the Federal Rules of Civil Procedure states

> Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment,

2

plaintiff's counsel asserts reflected the reduction of $8,500 for the sale of the foal at auction, credit given by plaintiff to defendants, and post-judgment interest.[3] The writ was written by Tucker's attorney and signed by this Court's Deputy Clerk. In November 2000, a Release and Satisfaction of Judgment was entered in the Court of Common Pleas for Jackson County, Ohio.[4]

Hall objects to the Report and Recommendation arguing that the Magistrate Judge as well as the Clerk of Court failed to distinguish between the equitable portion of the award and the legal award of money damages. The writ of execution states only that Tucker was awarded $102,605.53 and that $85,323.53 was owing on the award at the time of filing. He argues that the writ of execution must be corrected to reflect that $57,500 of the arbitration award was for rescission and that $45,105.53 was for expenses incurred for caring for the foal and that the expenses were to be offset by the money collected for the sale of the foal.

---

> and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

Fed. R. Civ. P. 69(a).

[3] Christopher E. Torkelson's Oct. 18, 2005 Aff., ¶ 6.

[4] Christopher E. Torkelson's Oct. 18, 2005 Aff., ¶ 8.

3

## II. Analysis.

Rule 60 states gives this Court authority to correct any clerical errors made in a judgment entry:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Fed. R. Civ. P. 60(a). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *In re Walter*, 282 F.3d 424, 440 (6th Cir. 2002). However, the rule does not "authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment." *Id.* (punctuation omitted) (citation omitted).

> The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination.

*Id.* (emphasis omitted).

In *Pogor v. Makita U.S.A. Inc.*, 135 F.3d 384 (6th Cir. 1998), Rule 60(a) was used to correct a judgment order when the district court had not included the specific amount of prejudgment interest owed. In *Whitaker v. Associated Credit Services Inc.*, 946 F.2d 1222 (6th Cir. 1991), a settlement of $500 had been reached. However, in the offer extended to the plaintiff there was a typographical error which stated the offer as $500,000. The acceptance, which included the $500,000 offer, was filed with the court,

4

and a judgment entry of $500,000 was made by the clerk of court. The court held that correcting the typographical error was appropriate under 60(a) or 60(b)(1).

Based on these cases, the Sixth Circuit stated that

> the court is entitled to modify its order under Rule 60(a) if: (1) the error was mechanical in nature rather than the result of a deliberate choice, and (ii) the modification corrects the April 1998 order such that it reflects what was the intent of the bankruptcy court at the time of the hearing.

In re Walter, 282 F.3d at 441; see also Lee Way Holding Company v. A Beam's Security, 113 B.R. 406, 407 (S.D. Ohio 1990) (stating that "[t]he errors envisioned to be covered under Rule 60(a) include oversights and omissions as well as unintended acts or failures to act which result in a record that does not properly reflect the intentions of the court."). In Walter, the court held that it was proper for the court to use rule 60(a) to strike two references to the judgment debtor's ex-husband which had inadvertently remained in the judgment order drafted by counsel. In re Walter, 282 F.3d at 441.

In Lee Way Holding, the court entered default judgment against the defendant. The plaintiff asked the court to correct a clerical mistake. The plaintiff did not include the full amount of damages he was seeking in an exhibit attached to the motion for default judgment. The court stated that its tasks was determining whether the exhibit attached to the plaintiff's motion for default judgment accurately reflected the "original intention" of the plaintiff, and the amount of money plaintiff was actually seeking. "In exercising this power to correct clerical mistakes, this Court confines itself to correction of mistakes that may legitimately be said to be clerical and where there is a clear showing of mistake." Id. at 408. Further, Rule 60(a)'s reference to clerical mistakes is not confined to mistakes made by the clerk of courts but may extend to mistakes made

5

by the parties. *Id.* (citing *Pattiz v. Schwartz*, 386 F.2d 300 (8th Cir. 1968)). The court held that the plaintiff's failure to include the full amount sought for default judgment was a clerical mistake made by the plaintiff that could be corrected through Rule 60(a).

The writ of execution accurately reflected the amount Hall owed to Tucker at the time it was filed in February 2000: the foal was sold for $8,500, and the $102,605.53 was reduced by this amount as well as for credit given to Hall by Tucker, and any post-judgment interest. This left $85,323.53 owing to Tucker. In November 2000, the writ of execution was satisfied. Regardless of how Hall now argues this award should be classified, he does not, and apparently cannot, argue that the monetary value owed and paid to Tucker was inaccurate. Moreover, as the Magistrate Judge properly noted, the case file contains the New Jersey court's judgment entry which has a copy of the arbitration award attached to it. The writ of execution references the district court's judgment entry. The writ of execution properly reflected the amount owing to Tucker at the time it was filed. Relief is not warranted under Rule 60(a) of the Federal Rules of Civil Procedure.

**III. Conclusion.**

6

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B) the Magistrate Judge's January 13, 2006 Report and Recommendation (doc. 5) is **ADOPTED**. Defendant's October 10, 2005 motion to correct/strike the writ of execution (doc. 2) is **DENIED**. Defendant's January 18, 2006 objections to the Magistrate Judge's Report and Recommendation (doc. 6) are **OVERRULED**.

Gregory L. Frost, Judge
United States District Court